**The order below is signed, with the $20,000 credit to the buyers for repairs being prompted by the trustee's representation that the contract obligates him to make certain repairs, and his representation that all of the parties (including Mrs. Mills) have agreed that $20,000 is a fair estimate of the amount of required repairs. The court notes, however, that the contract addendum would appear to require the buyers to buy the property in "as is condition," with that clause overriding any warranty in the contract as to the condition of the property, and, accordingly, this aspect of the order is subject to revision upon timely motion by a party in interest if the trustee was in error in believing that he was responsible for repairs being made. Dated: September 16, 2009.**



S. Martin Teel, Jr.
U.S. Bankruptcy Judge

```
                UNITED STATES BANKRUPTCY COURT
                 FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
MARK J. MILLS,                 )    Case No. 09-00189
                               )    (Chapter 7)
          Debtor.              )
```

ORDER APPROVING SALE OF REAL PROPERTY AT
4814/16 FOXHALL CRESCENT NW, WASHINGTON, D.C.
<u>FREE AND CLEAR OF LIENS AND THE INTEREST OF CO-OWNER</u>

Upon consideration of the Trustee's Motion To Approve Sale Of Real Property Free And Clear Of Liens And The Interest of Co-owner and the Trustee's Notice Of Intention To Sell Property Of The Estate Free And Clear Of Liens And the Interest of Co-owner, seeking authorization to sell the property at 4814/16 Foxhall Crescent NW, Washington, DC 20007 ("Property"), and any opposition thereto, and the Court having determined that approval of the sale free and clear of liens and the interest of the co-owner is in the best interest of the estate; that partition in kind of the Property among the estate and the co-owner is impracticable; that sale of the estate's undivided interest in the Property would realize significantly less for the estate than

sale of the Property free of the interest of the co-owner; that the benefit to the estate of the sale of the Property free of the interest of the co-owner outweighs the detriment, if any, to the co-owner; that the Property is not used in the production, transmission or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power; that buyers are good faith purchasers as that term is used in Section 363(m) of the Bankruptcy Code; and that cause exists to relieve the parties from the 10-day stay imposed by Bankruptcy Rule 6004(h), it is hereby

ORDERED that the Motion be and hereby is granted, and the Trustee is authorized to sell for $2,650,000 the property at 4814/16 Foxhall Crescent NW, Washington, D.C. ("Property"), free and clear of liens and other interests, including the interest of the co-owner, Susan E. Mills, on the terms and conditions set forth in this Order and the contract attached as Exhibit A to the Trustee's Motion and pursuant to the relief granted in A.P. 09-10027 with liens and other interests to attach to the proceeds of sale except as may otherwise be provided herein; and it is further

ORDERED that buyers' obligation to close on the sale is contingent on the Property being vacant at the time of settlement; and it is further

ORDERED that any objections to this sale to the extent not

withdrawn are hereby overruled; and it is further

ORDERED that the Trustee is authorized without further application to the Court to execute all documents necessary to close on the sale; and to deliver the Property to the purchasers vacant and in accordance with the terms of the contract.  It is further

ORDERED that to the extent that the moving expenses of Ms. Mills incurred in moving from the Property exceed $1800 (which $1,800 Mrs. Mills shall pay towards such expenses) the trustee and the two realtors agreed to waive up to $2000 each to meet, on a pro rata basis, the shortfall not to exceed $6,000 in the aggregate.  It is further

ORDERED that at closing the trustee is authorized to disburse and pay out of the proceeds of the sale in the following order as funds are available, whether at closing or from sale proceeds received from the settlement agent: all reasonable and necessary settlement expenses to be borne by the bankruptcy estate under the terms provided in the sales contract; the realtor's commission of 5% of the sales price less an amount not to exceed $2,000 each from the seller's and buyer's agent for Mrs. Mill's moving expenses, a Trustee's commission out of the one-half of the proceeds that are estate property for the maximum amount permitted under Section 326 of the Bankruptcy Code less an amount not to exceed $2,000 for Mrs. Mill's moving expenses.  It

is further

ORDERED that the Trustee shall retain the remaining proceeds in trust pending further order of the court, with all liens to attach to the proceeds with the same validity and priority as they have against the Property, and subject to any rights of the trustee under 11 U.S.C. § 506(c).  It is further

ORDERED that this Order shall constitute the settlement agent's authority and direction to disburse and pay out of the proceeds of the sale as provided herein; and it is further

ORDERED that the recordation of a certified copy of this Order with the Deed shall conclusively establish for chain-of-title purposes the right and authority of the Trustee to convey valid legal title, free and clear of all liens and other interests, to the property described herein, but such recordation is not required by this Court; and it is further

ORDERED that the Court shall retain jurisdiction to enforce the terms of this Order and to resolve disputes arising out of the provisions of this Order; and it is further

ORDERED that the 10-day stay under Bankruptcy Rule 6004(h) shall not apply to the sale of this property and that the buyers are purchasing the property in good faith pursuant to 11 U.S.C. 363(m).  It is further

ORDERED that Susan Mills shall vacate the property by 2:30 P.M. on Tuesday, September 29th, 2009, shall deliver copies of

4

keys to the property to Terry Robinson, seller's agent by 10:00 A.M. on Tuesday, September 29th, 2009, and shall deliver all copies of the keys to the purchasers or their agent at a reasonable time thereafter.  It is further

ORDERED that Mark Mills shall have reasonable access to the property during the moveout period, under the supervision of Susan Mills, to remove his personal property from the residence that Susan Mills agrees are his property, subject to simultaneously giving a receipt for items that Susan Mills allows him to remove.  It is further

ORDERED that the trustee, the Internal Revenue Service, and Mrs. Mills shall later submit a proposed order regarding restrictions agreed to on the record, or directed by the court at the hearing, regarding any payment made out of the proceeds to the Internal Revenue Service of joint liabilities of Mr. and Mrs. Mills.  It is further

ORDERED that the buyers shall receive a $20,000 credit against the purchase price of the property to account for necessary repairs.

                                        [Signed and dated above.]


Copies to: Debtor; Debtor's attorney; Chapter 7 Trustee; Office of United States Trustee.